UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CR-003 JD |
| | ) | 3:17-CV-499 JD |
| DAMON AARON WATFORD (01) | ) | |

**OPINION AND ORDER**

Defendant Damon Aaron Watford pled guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a short-barreled shotgun during and in relation to that offense, in violation of 18 U.S.C. § 924(c). Those charges both arose out of Mr. Watford's robbery of a convenience store on November 15, 2014. Mr. Watford's plea agreement included a binding term in which he agreed to a term of 71 months of imprisonment on the robbery charge, to run consecutive to the mandatory minimum term of 120 months on the § 924(c) charge. In return, the government agreed to dismiss another robbery charge and another charge under § 924(c) for brandishing a short-barreled shotgun, both of which arose out of a separate robbery that was committed a week later. Notably, that second § 924(c) charge would have carried a mandatory minimum sentence of 25 years, consecutive to the mandatory 10-year term on the first § 924(c) charge. Mr. Watford's plea agreement allowed him to avoid that consequence.

Prior to sentencing, Mr. Watford's counsel expressed concern over whether Hobbs Act robbery could constitute a crime of violence under § 924(c) in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, he later withdrew his argument on that topic, and the Court held that Hobbs Act robbery was still a crime of violence even after *Johnson*, as it involves at least a threatened use of force. At the sentencing hearing, the Court accepted the binding plea agreement, and thus imposed the agreed-upon sentence of 191

months, including 71 months on the robbery charge, consecutive to 120 months on the § 924(c) charge. Judgment was entered on November 24, 2015, and Mr. Watford did not appeal.

Mr. Watford has now filed a motion under 28 U.S.C. § 2255. He first argues that his conviction under § 924(c) is invalid under the Supreme Court's holdings in *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016), contending that Hobbs Act robbery does not constitute a "crime of violence" under § 924(c). He also argues that he is entitled to resentencing under the Supreme Court's recent holding in *Dean v. United States*, 137 S. Ct. 1170 (2017), which held that a district court may take into account any mandatory sentence under § 924(c) in determining the sentence to impose on any additional counts. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Here, it plainly appears from Mr. Watford's motion and the record of prior proceedings that he is not entitled to any relief on his claim, so the Court dismisses his motion.[1]

First, Mr. Watford argues that his § 924(c) conviction is invalid because Hobbs Act robbery is not a crime of violence in light of the Supreme Court's decisions in *Johnson* and *Mathis*. However, that argument is squarely foreclosed by Seventh Circuit precedent, which has held that Hobbs Act robbery remains a crime of violence even after *Johnson* and *Mathis*. *United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017); *see also United States v. Jackson*, No. 17-1235, 2017 WL 2875660 (7th Cir. July 5, 2017). In addition, having pled guilty to the § 924(c) charge, Mr. Watford has waived any

---

[1] Mr. Watford's motion would also face other procedural hurdles, but because his claims fail on their merits, the Court need not reach the issues.

argument that the charge is invalid. *United States v. Wheeler*, 857 F.3d 742, 744 ("[A[ person who pleads guilty to a § 924(c) charge cannot use *Johnson* . . . to reopen the subject and ask a court of appeals to upset the conviction."); *Davila v. United States*, 843 F.3d 729, 731–33 (7th Cir. 2016) ("[the defendant's] guilty plea forecloses a collateral attack based on *Johnson* or any other development that does not concern subject-matter jurisdiction or imply that the very institution of the criminal charge violated the Constitution."). Thus, Mr. Watford's request to vacate his § 924(c) conviction is meritless.

Mr. Watford also seeks resentencing under *Dean*, asking the Court to impose a lower sentence on the robbery count in light of the mandatory 10-year sentence on the § 924(c) count. However, *Dean* has no effect here for at least two reasons. First, Mr. Watford agreed in his plea agreement to a specific term of imprisonment, and the Court accepted the plea agreement and imposed that term. Therefore, Mr. Watford has waived any challenge to the length of the sentence, as the Court imposed the exact sentence that he asked for. *United States v. Gibson*, 490 F.3d 604, 607 (7th Cir. 2007) ("'Because the plea agreement entered into by [the defendant] and the government contained explicit provisions regarding the exact term of imprisonment, [the defendant] can only attack the validity of the entire plea agreement.' We cannot preserve a plea under Rule 11(e)(1)(C) [now Rule 11(c)(1)(C)] but dispose of the sentence.").

Second, the Supreme Court's holding in *Dean* would have had no effect on the Court's willingness to accept the plea agreement and impose the term of 71 months on the robbery count. The principal factor that justified the 71-month sentence on the robbery count was that, as part of the plea agreement, the government agreed to dismiss a second § 924(c) count, even though Mr. Watford had admitted to committing the robbery underlying that count. As noted above, that count would have carried a mandatory minimum sentence of 25 years, which would have to run

3

consecutive to the 10-year sentence on the first § 924(c). 18 U.S.C. § 924(c)(1)(C)(i) (requiring a sentence of at least 25 years on a second conviction under § 924(c)). Thus, if convicted on that count as well, Mr. Watford would have faced a total mandatory minimum term of 35 years, plus any term the Court imposed on the underlying robbery charge. The sentence Mr. Watford agreed to in his plea agreement reduced that term by almost 20 years. Accordingly, even if *Dean* had been decided prior to the sentencing hearing, the Court would have still accepted the plea agreement and imposed the same term of imprisonment. Mr. Watford is thus ineligible for relief under § 2255 on this argument as well, so his motion [DE 114] is DENIED.

The Court also DENIES the issuance of a certificate of appealability, as Mr. Watford's claims are not sufficient to deserve encouragement to proceed further, and their resolution is not debatable. The Court advises Mr. Watford that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Watford that if he wishes to appeal, he must file a notice of appeal within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

SO ORDERED.

ENTERED: July 18, 2017

　　　　　　　　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　United States District Court